**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON**

**BANNAR C. CATLETT,**

**Petitioner,**

**v.** **Case No. 2:10-cv-00850**

**DAVID BALLARD, Warden,**
**Mount Olive Correctional Complex,**

**Respondent.**

## PROPOSED FINDING AND RECOMMENDATION

On June 21, 2010, Petitioner filed an Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (docket # 1). This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PETITIONER’S ALLEGATIONS

Petitioner is presently incarcerated at the Mount Olive Correctional Complex. According to the West Virginia Division of Corrections website, Petitioner is serving a life sentence on charges of first degree murder and attempted escape, following his conviction in the Circuit Court of Berkeley County, West Virginia. Petitioner’s section 2241 petition contains the following grounds for relief:

> Ground One: The right of the people to petition the Government for redress of grievances to guarantee a right to demand a change.
>
> Ground Two: The right of the people to be secure against unwarranted claims and implications of unconstitutional oaths.
>
> Ground Three: No person shall be deprived of life, liberty, or property by a disingenuous action of Government information.
>
> Ground Four: The right to trial by an impartial jury of the State in respect to a legal defense notwithstanding mitigation.

(# 1 at 6-7). Petitioner's petition further states:

> Claims by the Petitioner are hereby considered questionably true and are all asserted to adduce in support of a plea of innocence.

(Id. at 7).

## ANALYSIS

Petitioner's petition does not allege any facts to support any of his claims. It appears that Petitioner is attempting to mount a challenge to the validity of his criminal convictions in the Circuit Court of Berkeley County. Such action by a state prisoner must be pursued through a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court with jurisdiction in the county in which the prisoner was convicted, after exhaustion of available state court remedies.

A review of the docket of the United States District Court for the Northern District of West Virginia indicates that Petitioner filed a section 2254 habeas corpus action in that court on May 16,

2008. (Catlett v. Warden David Ballard, 2:08-cv-00066-REM-JSK). On January 23, 2009, the United States District Court for the Northern District of West Virginia dismissed Petitioner's section 2254 petition without prejudice for failure to prosecute. The Order of Dismissal stated that Petitioner had been advised in an Order to Show Cause of the one-year statute of limitations for filing a section 2254 petition and that the dismissal of that case could result in any future action being barred as untimely. (Id., # 7 at 1).

A Westlaw search by the undersigned's staff revealed a published opinion by the Supreme Court of Appeals of West Virginia (the "SCAWV"), State v. Catlett, 536 S.E.2d 728 (W. Va. 2000), which indicates the following procedural history:

On April 30, 1998, Petitioner was convicted of Murder in the First Degree and Attempted Escape in the Circuit Court of Berkeley County, West Virginia. Petitioner's trial jury rejected an insanity defense presented by Petitioner.[1] On February 10, 1999, Petitioner was sentenced to serve life in prison, without the possibility of parole, on his first degree murder conviction. He

[1] Petitioner had previously been found not guilty by reason of insanity on a charge of Arson in the First Degree also filed in the Circuit Court of Berkeley County. (State v. Catlett, 96 F-59). Petitioner was ordered to spend two to twenty years at the William R. Sharpe, Jr. Hospital, but, following his convictions for murder and attempted escape, the Circuit Court ordered his release to the Department of Corrections to serve those sentences. The SCAWV affirmed that decision. State v. Catlett, 536 S.E.2d 721 (W. Va. 2000).

also received a consecutive one to three year sentence on the attempted escape conviction.

On or about April 1, 1999, Petitioner filed a Petition for Appeal in the SCAWV, contending that the Circuit Court erred by not granting his motion for judgment of acquittal because the evidence presented at trial did not establish beyond a reasonable doubt that he was criminally responsible for his actions at the time of the offense. Petitioner further asserted that there was insufficient evidence to support the first degree murder conviction, that the Circuit Court erred by not granting a mistrial after one of the State's expert witnesses mentioned the existence of excluded evidence, and further requested that the SCAWV reconsider its ruling affirming the Circuit Court's order to remove him from Sharpe Hospital and sentencing him to serve his sentences in prison. Id. at 731.

The SCAWV affirmed the Circuit Court's rulings and denied Petitioner's appeal on June 16, 2000. Id. at 734. It does not appear that Petitioner sought a writ of certiorari in the Supreme Court.

The undersigned's staff contacted the Berkeley County Circuit Clerk's Office and determined that Petitioner filed two petitions for a writ of habeas corpus in that court (Case Nos. 06-C-151 and 07-C-60), the first of which was not filed until March 2, 2006. The undersigned's staff further determined that Petitioner

voluntarily dismissed both of those petitions, and that no further filings have taken place.

Section 2244(d)(1) of Title 28 of the United States Code provides that a section 2254 petition must be filed within one year of the latest of the following:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Petitioner filed his section 2254 petition in the United States District Court for the Northern District of West Virginia on May 16, 2008. Based upon the undersigned's calculation, Petitioner's judgment for his convictions of Murder in the First Degree and Attempted Escape became final on or about September 16,

2000, and he did not file his first state court habeas corpus petition until March 2, 2006. Thus, the one-year statute of limitations under 28 U.S.C. § 2244(d)(1) began to run on September 17, 2000, ran uninterrupted, and expired one year later on September 17, 2001. Therefore, it appears that Petitioner's section 2254 petition was untimely filed.

Petitioner may not file a section 2241 habeas corpus petition in order to obtain review of claims that could have been raised in a timely section 2254 petition. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's claims raised in his present petition are improperly and untimely filed.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Petitioner's section 2241 petition for failure to state a cognizable claim for relief, and that this civil action be dismissed.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections), and then three days (service/mailing), from the date

of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner.

September 22, 2010
Date

Mary E. Stanley
Mary E. Stanley
United States Magistrate Judge