# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

BANNAR C. CATLETT,

                    Petitioner,

v.                                      CIVIL ACTION NO.  2:10-cv-00850

DAVID BALLARD,

                    Respondent.

## MEMORANDUM OPINION AND ORDER

Petitioner Bannar C. Catlett, *pro se*, ("Petitioner") an inmate at the Mount Olive Correctional Complex in Mount Olive, West Virginia, brings this action to challenge his criminal convictions in the Circuit Court of Berkeley County pursuant to 28 U.S.C. § 2241.  Petitioner is currently serving a life sentence for murder in the first degree and attempted escape.

By Standing Order entered on August 1, 2006, and filed in this case on June 22, 2010, this action was referred to United States Magistrate Judge Mary E. Stanley for submission of proposed findings and a recommendation (PF&R) pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Stanley filed a PF&R on September 22, 2010 [Docket 3].  In that filing, the magistrate judge recommended that this Court dismiss Petitioner's § 2241 petition for failing to state a cognizable claim for relief.  For the reasons stated below, the Court adopts the magistrate judge's findings and recommendations.

## I.  STANDARD OF REVIEW

The Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  In addition, this Court need not conduct a *de novo* review when a petitioner "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

## II.  OBJECTIONS

Petitioner filed objections to the magistrate judge's PF&R on October 7, 2010.  [Docket 4]. Petitioner enumerates a series of objections to the PF&R:

> **Ground One**:  Petitioner asks the U.S. District Court to allow the petition to redress the conviction, so that the petitioner can subpoena proper evidence, which therefor warrants proper evidentiary discoveries on reasonable doubt, to prove the petitioner's innocent.

> **Ground Two**:  Petitioner asks the U.S. District Court to protect the petitioner's rights as a petitioner, and to adequately secure the petitioner's constitutional rights from unlawful implications without probable cause, or reasonable evidence.

> **Ground Three**:  Petitioner asks the U.S. District Court for equal protection against improper due process, which therefor has by arbitrary means wrongfully convicted the petitioner.

> **Ground Four**:  Petitioner asks the U.S. District Court for an adequately balanced compulsory process for witness cross-examination and for an impartial jury selected by an impartial court.

(Docket 4 at 1-2.)  These objections, although vague and somewhat cryptic, ultimately challenge certain aspects of Petitioner's underlying conviction in state court.  Petitioner challenges that

2

characterization, which the magistrate judge also made, stating that he is not "Mounting an attack against the validity of the conviction." However, Petitioner's grounds for objection clearly relate to the propriety of his state court conviction—including the impartiality of the judge and jury and the sufficiency of the evidence presented.

Insofar as those objections relate to the PF&R at all, the Court construes Petitioner's objections to challenge the magistrate judge's assertion that "Petitioner may not file a section 2241 habeas corpus petition in order to obtain review of claims that could have been raised in a timely section 2254 petition."

### III.  DISCUSSION

#### A.  Relevant Facts

As set forth more fully in the PF&R, the Petitioner was convicted of first degree murder in state court on April 30, 1998, and sentenced to life in prison without the possibility of parole. Petitioner sought direct appeal of his conviction in the Supreme Court of Appeals of West Virginia, and his conviction was affirmed by that court on June 16, 2000. Petitioner also filed, and later voluntarily dismissed, two state habeas corpus petitions, the first of which was filed on March 2, 2006. Finally, on May 16, 2008, Petitioner filed a § 2254 petition in the United States District Court for the Northern District of West Virginia. That petition was dismissed without prejudice for failure to prosecute, and Petitioner was advised of the one-year statute of limitations applicable to § 2254 habeas corpus petitions.

#### B.  Analysis

The magistrate judge concluded, and the Court agrees, that Petitioner's § 2254 petition filed in the Northern District was untimely. 28 U.S.C. § 2244(d) requires that a § 2254 petition be

brought within one year of the date on which the judgment became final, excluding any time during which state habeas petitions are pending.  *See* 28 U.S.C. § 2244(d)(1) (one-year limitation); § 2244(d)(2) (tolling provision).  Here, Petitioner's conviction was final on September 16, 2000.  The one-year statute of limitations under 28 U.S.C. § 2244(d)(1) expired one year later, on September 17, 2001.  Petitioner did not file a state habeas corpus petition until 2006, long after the one-year limitations period had run and his opportunity to file a timely § 2254 petition had passed.

Although Petitioner has styled the present case as a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241, federal law requires inmates challenging the validity of their confinement pursuant to a state court's judgment to proceed under 28 U.S.C. § 2254.  *See, e.g.*, *United States v. Little*, 392 F.3d 671, 678 (4th Cir. 2004) (collateral attack on underlying conviction, rather than execution of the sentence imposed, is not appropriate grounds for § 2241 petition); *Hammitt v. U.S. Probation Office*, 235 F. App'x 129, 130 (4th Cir. 2007) (unpublished) ("§ 2241 petitions are generally reserved for challenges to the execution of a prisoner's sentence").  As explained above, the Petitioner's objections challenge the propriety of his underlying conviction in state court; they do not challenge the execution of the sentence imposed, as would, for example, "such matters as the administration of parol, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, types of detention and prison conditions."  *Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001) (Sotomayor, J.).  Therefore, to challenge the validity of his conviction, Petitioner must use § 2254.

As a practical matter, the Court will not permit Petitioner to circumvent the procedural requirements governing § 2254 petitions by simply styling his petition as one brought under § 2241.  *See Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004) ("A state prisoner cannot evade the

procedural requirements of § 2254 by filing something purporting to be a § 2241 petition.  If the terms of § 2254 apply to a state habeas petitioner—i.e. if he is 'in custody pursuant to the judgment of a State court'—then we must apply its requirements to him.").  The magistrate judge's PF&R states that "Petitioner may not file a section 2241 habeas corpus petition in order to obtain review of claims that could have been raised in a timely section 2254 petition."  In other words, the Petitioner may not dodge the one-year limitation expressly applicable to petitions brought under § 2254 by filing those same claims as a § 2241 petition.  The Court is in agreement with the findings and recommendation contained in the PF&R and the precedent set forth in this opinion.

Given the nature of Petitioner's claims and objections, the Court **FINDS** that they are appropriately construed as claims arising under 28 U.S.C. § 2254.  Once construed as a § 2254 petition, the claims must be dismissed as untimely and successive.

Accordingly, the Court hereby (1) **DENIES** Petitioner's § 2241 petition [Docket 1] with prejudice; and (2) **DIRECTS** the Clerk to remove this action from the Court's active docket.

**IT IS SO ORDERED**.

The Clerk is further directed to provide a copy of this Order to all counsel of record, the petitioner, *pro se*, and Magistrate Judge Stanley.

ENTER:        January 28, 2011

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

5